## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR<br>ENVIRONMENTAL RESPONSIBILITY,<br>962 Wayne Ave, Suite 610<br>Silver Spring, MD 20910<br><br>    *Plaintiff,*<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>THE INTERIOR<br>1849 C Street, N.W.<br>Washington DC 20240<br><br>    *Defendant.* | CIVIL ACTION NO. 22-959<br><br>**COMPLAINT** |

## PRELIMINARY STATEMENT

1. Plaintiff Public Employees for Environmental Responsibility ("Plaintiff" or "PEER") brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, *et seq.*, as amended, to compel the United States Department of Interior ("Defendant" or "DOI") to disclose documents requested pursuant to FOIA. Specifically, PEER is seeking records related to the Interim Oil and Gas Report DOI prepared in furtherance of Executive Order 14008 (Interim Oil and Gas Report).

2. PEER submitted a FOIA request on November 10, 2021, seeking all communications related to the release of and all background materials for the Interim Oil and Gas

Report. This complaint seeks to remedy DOI's failure to respond to a routine request within the mandated time period.

3.  To date, Defendant has failed to make a final determination on Plaintiff's FOIA request or to disclose to the Plaintiff all the requested documents within the time stipulated under FOIA.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

5.  This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

6.  This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

7.  This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

8.  Plaintiff is a non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, Florida, Massachusetts, and Tennessee.

9.  Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public

lands and natural resource management, policy that worsens or remediates climate change, public funding of environmental and natural resource agencies, and governmental accountability. PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the *PEERReview* newsletter.

10. Defendant is an agency of the United States under 5 U.S.C. § 552(f)(1).

11. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA. The Defendant's refusal to provide the Plaintiff with the records requested or make a final determination on Plaintiff's FOIA request within 20 working days of the date of the requests' submission is a violation of FOIA.

## STATEMENT OF FACTS

*Initial request and incomplete release of Interim Oil and Gas Report*

12. On November 10, 2021, PEER submitted a FOIA request to DOI seeking the "Interim Oil and Gas Report and all communications related to the release and all background materials for report." On the same day, DOI confirmed receipt of the request and assigned this FOIA request tracking number DOI-OS-2022-000645.

13. On November 15, 2021, DOI granted PEER's request for a fee waiver and the agency exercised its right to a 10 work-day extension under 43 C.F.R. § 2.19.

14. On November 26, 2021, DOI released the Interim Oil and Gas Report on its website. However, the associated communications and background materials PEER sought in DOI-OS-2022-000645 were not released to the public with this report.

15. Since the request was submitted, PEER has yet to receive responsive records of communications and background materials or a final determination on DOI-OS-2022-000645.

*Attempts to contact DOI regarding the request and timeline*

16. On January 25, 2022, PEER emailed the assigned FOIA officer at DOI to check on the status of DOI-OS-2022-000645.

17. On February 1, 2022, the assigned FOIA officer responded to PEER's attempt to obtain information and stated that the agency is "waiting on more responses from potential custodians." While the staff also indicated that they are "working to complete your request promptly as we can" there was no information proffered giving a timeline for production or a final determination.

18. On February 10, 2022, PEER again emailed the assigned FOIA officer to ask for a timeline or date certain when a determination would be forthcoming, and documents would be produced.

19. On February 17, 2022, the assigned FOIA officer responded by issuing an interim response. The FOIA officer further stated that for the remaining records the agency was "still waiting on at least one program office[] to respond." The FOIA officer asked if PEER was amendable to rolling releases. However, the interim response on February 17, 2022, only contained the Interim Oil and Gas Report that had previously been made publicly available on November 26, 2021.

20. On the same day, PEER acknowledged receipt of the interim response and stated that PEER would be amendable to rolling releases.

21. On March 9, 2022, PEER again emailed the assigned FOIA officer, as no further documents had been released, and asked for a rolling releases schedule.

22. On March 14, 2022, an assigned FOIA officer responded to PEER's email and estimated that PEER would receive a response by April 4, 2022. The FOIA officer further stated that there was no "schedule for rolling releases."

23. To date, PEER has received a document that was previously made publicly available but has not received any other documents in response to its FOIA request and DOI has yet to make a final determination on PEER's FOIA request.

## CAUSE OF ACTION

24. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

25. FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

26. FOIA requires agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may only extend this time period for an additional 10 working days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

27. Twenty working days from November 10, 2021, was December 8, 2021. Ten working days from December 8, 2021 was December 22, 2021.

28. As of the date of this filing, Plaintiff has not received a final determination on its FOIA request.

29. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having exhausted its administrative remedies for its November 10, 2021, FOIA request, PEER now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

30. Defendant's conduct amounts to a denial of Plaintiff's FOIA request. Defendant is frustrating Plaintiff's efforts to adequately understand and educate the public regarding the development of and support for DOI's Interim Oil and Gas Report.

31. Plaintiff has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring the Defendant to immediately produce the records sought in Plaintiff's FOIA requests, as well as other appropriate relief, including attorneys' fees and costs.

32. Defendant's failure to make determinations on or disclose the documents requested in Plaintiff's FOIA requests within the time frame mandated under FOIA is a denial and wrongful withholding of records in violation of 5 U.S.C. § 552.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

i.   Enter an order declaring that Defendant wrongfully withheld requested agency documents;

ii.  Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld documents;

iii. Maintain jurisdiction over this action until Defendant is in compliance with FOIA, the Administrative Procedure Act, and every order of this Court;

iv.  Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v.   Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on April 7, 2022,

 /s/ Hudson Kingston
Hudson B. Kingston, DC Bar # 1007702

Monica I. Mercola
NY Bar # 5875240
Public Employees for Environmental
Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 265-7337
*Attorneys for Plaintiff*